UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-22599-CIV-UNGARO/SIMONTON

TADY BLANCO GARCIA,
et al.,

    Plaintiffs,

v.

LAS BRISAS QUICK HAND CAR
WASH, CORP., et al.,

    Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION TO COMPEL DEPOSITION ANSWERS AND FOR SANCTIONS

Presently pending before the Court is Plaintiffs' Motion to Compel Deposition Answers and For Sanctions (DE # 93). The Motion has been fully briefed (DE ## 95, 96) and is referred to the undersigned Magistrate Judge (DE # 94). Following a careful review of the record as a whole and for the reasons stated herein, Plaintiffs' Motion is GRANTED, in part.

    I.    BACKGROUND

This matter was initiated when Plaintiffs, Tady Blanco Garcia, Julio Jimenez Vega, Luis Garcia, Joel Herrera-Garcia and Arlan Herrera-Garcia filed a Complaint, on behalf of themselves and others similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (DE # 1). Specifically, Plaintiffs alleged that they worked as car wash attendants at Defendant Marino Car Wash Inc. and Defendant Las Brisas Quick Hand Car Wash, Corp., both of which were allegedly controlled by Defendant Enrique J. Contreras in his capacity of "president, director and/or owner" of those entities (DE # 1 at 2). Plaintiffs contended that they were not properly

compensated for work performed and sought to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, attorney's fees and costs.

Plaintiffs filed an Amended Complaint wherein six additional Plaintiffs were named to the action, as well as Defendant Mirta Contreras a/k/a Mirta Barcelo, the wife of Enrique J. Contreras (DE ## 3, 6, 14).[1] Defendants then moved for partial summary judgment against ten of the eleven named Plaintiffs asserting that those Plaintiffs never worked for Defendant Marino Car Wash and that Defendant Las Brisas Car Wash was not subject to enterprise coverage under the FLSA because its annual business dollar volume was below $500,000 for certain years for which Plaintiffs sought compensation (DE # 23).[2] In addition, Defendants asserted that Plaintiffs failed to demonstrate that Defendant Barcelo and/or Defendant Contreras qualified as employers under the FLSA. Finally, Defendants argued that because of many of the Plaintiffs' purported "illegal" immigration status, that it would be against public policy to extend the protections of the FLSA to those Plaintiffs.

The Court denied the Defendants' Motion for Summary Judgment finding that the Plaintiffs had raised genuine issues of material facts sufficient to withstand a summary judgment motion (DE # 47). The Court further concluded that the Defendants' argument regarding the Plaintiffs' purported immigration status was immaterial to the issue of whether Plaintiffs were entitled to recover against the Defendants under the FLSA (DE # 47 at 17).

Following a five-day jury trial, the jury returned a verdict in favor of Plaintiffs Jose

---

[1] The other Plaintiffs named in the action were David Nunez, Jose Gonzales, Danilo Ruedo, Marvin Gonzalez, Jose L. Cabrales and Alcides A. Cabrales (DE # 14).

[2] Defendants did not seek summary judgment against Jose Cabrales.

Cabrales and Alcides Cabrales ("Cabrales Plaintiffs") in the amounts of $24,355.98 and 10,375.90, respectively against Defendant Las Brisas and Defendant Marino Car Wash (DE ## 76-10, 76-9).  As to both of those Plaintiffs, the jury concluded that Defendant Enrique Contreras did not have operational control of Las Brisas (DE ## 76-10 at 1, 76-9 at 2).  In addition, the jury concluded that Defendant Mirta Barcelo did not dominate the administration of Las Brisas during the time of the Plaintiffs' employment. The jury found in favor of all of the Defendants as to the other nine Plaintiffs (DE ## 76, 76-1 through 76-8).

Thereafter, the Plaintiffs filed a Motion for Final Judgment which the Court granted (DE ## 73, 79).  In doing so, the Court noted that the jury found that with respect to Plaintiffs Jose Cabrales and Alcides Cabrales the Defendants either knew or showed reckless disregard for whether their conduct was prohibited by the FLSA (DE # 79 at 2). The Court also concluded that the Cabrales Plaintiffs were entitled to recover liquidated damages.  On October 4, 2010, the Court entered a Final Judgment against Defendants Las Brisas and Marino Car Wash in favor of Plaintiffs Alcides Cabrales and Jose Cabrales (DE # 81).  As to the remaining Plaintiffs, final judgment was entered on behalf of all of the Defendants.

On December 13, 2010, a Writ of Execution was filed into the record indicating that a debt in the amount of $69,462.76 was owed by Las Brisas Quick Hand Car Wash Corp. and Marino Car Wash, Inc. (DE # 87).

II.     **THE POSITIONS OF THE PARTIES**

Plaintiffs have filed a Motion to Compel Deposition Answers and for Sanctions seeking to have Enrique Contreras provide better answers to questions posed to him at a deposition taken in aid of execution (DE # 93).  According to the Motion, on April 12,

2011, Mr. Contreras, who is the president and sole shareholder of both Corporate Defendants Las Brisas and Marino Car Wash, was deposed in his corporate representative capacity as the person with the most knowledge of financial affairs of both corporate Defendants.  Plaintiffs assert that after some initial questioning, it became clear that Defendants dissolved the debtor corporations and formed a new unified corporation for the purpose of defrauding the Plaintiff creditors.  Plaintiffs contend that prior to the dissolution of the two corporations, both Enrique Contreras and his wife, Mirta Contreras used the Corporate Defendants' bank accounts to routinely pay personal expenses including their home mortgage.

In support of their Motion, Plaintiffs have submitted excerpts from Mr. Contreras' deposition wherein Mr. Contreras failed to fully answer questions about various transactions involving Las Brisas Quick Hand Car Wash, Corp.  (DE # 93 at 4-5, 7-14). By way of example, according to the Motion, when Mr. Contreras was asked whether he and his wife ever owned a car wash business together, Mr. Contreras answered "I don't know.  I don't know if it's me or my wife.  I don't know.  It (sic) confusing questions and I don't know exactly." (DE # 93 at 7).  In addition, several times during the deposition, Mr. Contreras was instructed by his counsel to not answer a question because the question sought "Proprietary, confidential information, not related to this case," or "Proprietary information not related to the discovery in aid of execution into corporations that are no longer in existence." (DE # 93 at 7, 8).  Finally, Plaintiffs have submitted a portion of the deposition wherein Plaintiffs contend that counsel for Enrique Contreras improperly terminated the deposition.  Plaintiffs argue that due to Mr. Contreras' refusal to answer questions regarding financial transactions and assets for the former corporate entities and the newly formed corporate entity, the deposition taken in aid of execution was

worthless in locating any assets of the Defendant debtors and ascertaining whether the Defendants fraudulently transferred assets to the new Las Brisas entity in an effort to evade payment of the judgment entered on behalf of the Plaintiffs.

Plaintiffs request that the Court compel Mr. Contreras to respond to deposition questions and further request that sanctions be entered against Defendants for their obstructionist conduct at the deposition. The sanctions specifically sought are an award of attorney's fees and costs (court reporter and interpreter costs) incurred with respect to the depositions, as well as expenses incurred in connection with this Motion to Compel.

In their Response, the Defendants state that Mr. Contreras was deposed for a full half-day and despite the fact that he has an open wound from a 2007 injury, that at his deposition, he did his best to explain the accounting entries and liabilities of the dissolved businesses that are now "owned and operated by his wife, Mirta Barcelo." (DE # 95 at 3). The Defendants contend that the only time that Counsel for the Corporate Defendants objected at the deposition was when the Plaintiffs' Counsel tried to inquire about the financial operations of a "totally separate business owned by Ms. Barcelo" or when he repeated the same question over and over again, which left the deponent "in a state of pain and exhaustion that almost caused him to faint."

In addition, the Defendants assert that they produced all of the financial documents for the Corporate Defendants for the period ending October 31, 2010, prior to the deposition of Mr. Contreras (DE # 95). Defendants maintain that the Defendant Corporations were dissolved in September 2010 because they were nearly insolvent, and therefore the financial documents that were produced were from the last period of operations for Las Brisas and Marino Car Washes. Defendants state that the documents

produced included two documents, a Business Lease with Option to Purchase and a Promissory Note, that demonstrate that although on August 28, 2003, Enrique Contreras acquired a leasehold interest in the carwash, a promissory note was issued for $1,200,000 that named Gregorio Gonzalez as the obligee of that note (DE # 95 at 2). According to the Defendants, the two documents make clear that the owner of the premises where the dissolved car wash corporations were operating, has no relationship to the Defendants.  Further, Defendants contend that the debtor Corporate Defendants hold no significant assets or inventory and assert that the carwash and oil change premises have built in fixtures, *e.g.*, air hoses and lifts, that may not be levied. Defendants argue that the scope of the deposition cannot extend to questions regarding the newly formed business.

### III.    LEGAL  ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim and relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.   In addition, Federal Rule of Civil Procedure 69, entitled "Execution," provides, "in aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69.

Similarly, the Florida Rule of Civil Procedure 1.280. entitled, "General Provisions Governing Discovery" provides,

> In General. Parties may obtain discovery regarding any
> matter, not privileged, that is relevant to the subject matter of
> the pending action, whether it relates to the claim or defense

> **of the party seeking discovery or the claim or defense of any other party. . .**
>
> **It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.**

Finally, Florida Rule 1.560 entitled "Discovery in Aid of Execution" states, in relevant part, "In aid of a judgment, decree, or execution the judgment creditor or the successor in interest, when the interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules." Thus, in accordance with both the Federal Rules and the Florida State Rules, Plaintiffs herein are entitled to discover information from any person, including the judgment debtor, that is relevant to their claim, even if the information is not admissible.

  At present, Plaintiffs seek information regarding the alleged transfer and/or concealment of assets by the Defendant debtors in order to satisfy the judgment that Plaintiffs hold against those entities. Plaintiffs are therefore entitled to conduct discovery, including taking the deposition of Mr. Contreras, regarding the dissolution of the Defendant debtors and the recently formed entity Las Brisas Carwash & Quick Lube, Inc., which by all accounts is located at the same location as where Defendant Las Brisas was located, and is managed by Mr. Contreras' wife, who had been named as a Defendant in the underlying action. Therefore, despite the Defendants' contention otherwise, the questions posed by Plaintiffs' counsel at the deposition regarding the financial transactions of the "new" Las Brisas, were not irrelevant and should have been fully responded to by the deponent. In addition, the information sought was not protected from disclosure on the grounds of its proprietary nature. In this regard, the undersigned notes that neither the judgment debtors nor Mr. Contreras sought a protective order

-7-

regarding the purported proprietary information and did not otherwise seek assistance from the Court in limiting the scope of discovery. Rather, as correctly characterized by Plaintiffs, Mr. Contreras instead chose to give vague and evasive answers to the relevant questions posed at his deposition. Plaintiffs are therefore entitled to have their questions adequately answered under oath by Mr. Contreras and their Motion to Compel is granted.

In addition, the undersigned concludes that it was Mr. Contreras' improper refusal to fully answer the questions, as well as the Defendants' Counsel's premature termination of the deposition, that necessitated Plaintiffs' filing of the Motion to Compel. Accordingly, the undersigned awards attorney's fees and costs to the Plaintiffs for the expenses incurred in bringing the instant Motion pursuant to Federal Rule of Civil Procedure 37(a). In addition, the Court will award any duplication of costs incurred as the result of the premature termination and the improper refusal to answer questions. Specifically, if Plaintiffs can show that additional court reporter and interpreter costs were incurred by virtue of the fact that the deposition is occurring in two half-day sessions as opposed to one full-day session, those costs are awarded. However, the undersigned will not impose other sanctions – *i.e.*, the fees incurred in taking the deposition and any costs that are not duplicative – against Defendants at this point. The deposition was not entirely useless, although the deponent failed to answer relevant questions. However, Defendants and their counsel are cautioned that any additional obstructionist conduct in these post-judgment proceedings will result in the imposition of sanctions.

IV.  <u>CONCLUSION</u>

Therefore, based upon a review of the record as a whole and for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** Plaintiffs' Motion to Compel Deposition Answers and For Sanctions (DE # 93) is **GRANTED**. Plaintiffs may depose Enrique Contreras for an additional four hours, at a mutually convenient time and place, but with said deposition to be completed within 30 days from the date of this Order, absent an extension of time granted by this Court or the written agreement of the parties.  It is further

**ORDERED AND ADJUDGED** that Plaintiffs' request for sanctions is **GRANTED, in part**.  Defendants shall pay Plaintiffs' Attorney's Fees and Costs associated with bringing the instant Motion to Compel, as well as any excess costs of the court reporter and interpreter incurred as a result of the deposition being taken over two half-day sessions as opposed to one full-day session.  Plaintiffs shall file a Motion for Attorney Fees and Costs to determine the amount of the award, in compliance with Local Rule 7.3.

**DONE AND ORDERED** in chambers in Miami, Florida on July 15, 2011.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:

The Honorable Ursula Ungaro, United States District Judge
All counsel of record