UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22599-CIV-UNGARO/SIMONTON

TADY BLANCO GARCIA,
et al.,

    **Plaintiffs,**

v.

LAS BRISAS QUICK HAND CAR
WASH, CORP., et al.,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFFS ALCIDES CABRALES' AND JOSE CABRALES' VERIFIED MOTION FOR AWARD OF ATTORNEY'S FEES & TAXABLE COSTS

Presently pending before this Court is Plaintiffs Alcides Cabrales and Jose Cabrales' Verified Motion for Award of Attorney's Fees & Taxable Costs (DE # 83). The Motion has been fully briefed (DE ## 85, 66) and is referred to the undersigned Magistrate Judge (DE # 84). Following a careful review of the record as a whole and for the reasons stated herein, it is recommended that Plaintiffs' Motion for Attorney's Fees & Taxable Costs be GRANTED, in part, and Plaintiffs be awarded $113,588.08, representing $107,617.13 in attorney's fees and $5,970.95 in costs.

### I. BACKGROUND

This matter was initiated when Plaintiffs, Tady Blanco Garcia, Julio Jimenez Vega, Luis Garcia, Joel Herrera-Garcia and Arlan Herrera-Garcia filed a Complaint, on behalf of themselves and others similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (DE # 1). Specifically, Plaintiffs alleged that they worked as car wash attendants at Defendant Marino Car Wash Inc. and Defendant Las Brisas Quick Hand Car Wash, Corp., both of which were allegedly controlled by

Defendant Enrique J. Contreras in his capacity of "president, director and/or owner" of those entities (DE # 1 at 2). Plaintiffs contended that they were not properly compensated for work performed and sought to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, attorney's fees and costs.

Plaintiffs filed three Amended Complaints wherein additional Plaintiffs were named to the action, as well as Defendant Mirta Contreras a/k/a Mirta Barcelo, the wife of Enrique J. Contreras (DE ## 3, 6, 14). Defendants then moved for partial summary judgment against ten of the eleven named Plaintiffs asserting that those Plaintiffs never worked for Defendant Marino Car Wash and that Defendant Las Brisas Car Wash was not subject to enterprise coverage under the FLSA because its annual business dollar volume was below $500,000 for certain years for which Plaintiffs sought compensation (DE # 23).[1] In addition, Defendants asserted that Plaintiffs failed to demonstrate that Defendant Barcelo and/or Defendant Contreras qualified as employers under the FLSA. Finally, Defendants argued that because of many of the Plaintiffs' purported "illegal" immigration status, that it would be against public policy to extend the protections of the FLSA to those Plaintiffs.

The Court denied the Defendants' Motion for Summary Judgment finding that the Plaintiffs had raised genuine issues of material facts sufficient to withstand a summary judgment motion (DE # 47). The Court further concluded that the Defendants' argument regarding the Plaintiffs' purported immigration status was immaterial to the issue of whether Plaintiffs were entitled to recover against the Defendants under the FLSA (DE # 47 at 17).

---

[1] Defendants did not seek summary judgment against Jose Cabrales.

Following a five-day jury trial, the jury returned a verdict in favor of Plaintiffs Jose Cabrales and Alcides Cabrales ("Cabrales Plaintiffs") in the amounts of $24,355.98 and 10,375.90, respectively against Defendant Las Brisas and Defendant Marino Car Wash (DE ## 76-10, 76-9). As to both of those Plaintiffs, the jury concluded that Defendant Enrique Contreras did not have operational control of Las Brisas (DE ## 76-10 at 1, 76-9 at 2). In addition, the jury concluded that Defendant Mirta Barcelo did not dominate the administration of Las Brisas during the time of the Plaintiffs' employment. The jury found in favor of all of the Defendants as to the other nine Plaintiffs (DE ## 76, 76-1 through 76-8).

Thereafter, the Plaintiffs filed a Motion for Final Judgment, which the Court granted (DE ## 73, 79). In doing so, the Court noted that the jury found that, with respect to Plaintiffs Jose Cabrales and Alcides Cabrales, the Defendants either knew or showed reckless disregard for whether their conduct was prohibited by the FLSA (DE # 79 at 2). The Court also concluded that the Cabrales Plaintiffs were entitled to recover liquidated damages. On October 4, 2010, the Court entered a Final Judgment against Defendants Las Brisas and Marino Car Wash in favor of Plaintiffs Alcides Cabrales and Jose Cabrales (DE # 81). As to the remaining Plaintiffs, final judgment was entered on behalf of all of the Defendants.

## II. THE POSITIONS OF THE PARTIES

The Plaintiffs Alcides Cabrales and Jose Cabrales have filed a Verified Motion for Award of Attorney's Fees & Taxable Costs seeking $151,749.50 in attorney's fees and $6,291.05 in costs (DE # 83). Plaintiffs also seek to be compensated for an additional 7.2 hours for preparing the Reply to the Defendants' Response (DE # 86).

The Defendants have filed an Opposition in which they assert that Plaintiffs' award of attorney's fees should be significantly reduced to reflect the fact that only two of the eleven Plaintiffs prevailed in this action. Specifically, Defendants contend that because the Plaintiffs achieved limited success in this action, that Plaintiffs' Counsel should only be awarded $34,233.50 (DE # 85 at 6).

In addition, Defendants contend that Plaintiffs' requests for costs should be similarly reduced because many of the costs were incurred on behalf of the unsuccessful Plaintiffs and thus are not recoverable by the two prevailing Plaintiffs. Defendants, therefore, contend that Plaintiffs should be awarded $1,168.40 in costs.

In their Reply, Plaintiffs assert that the time attributable to the non-prevailing Plaintiffs' cases was already removed from the Plaintiffs' billing submissions and contend that the only work that Plaintiffs' Counsel has billed for is work performed exclusively on behalf of the prevailing Plaintiffs or for work which is inextricably intertwined and which would otherwise have been performed on the case even if the non-prevailing Plaintiffs were not named in the lawsuit (DE # 86).

### III. LEGAL ANALYSIS

#### A. Attorney's Fees

##### 1. Framework for Analysis

When seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary," or request fees for unsuccessful claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983). When a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

**In assessing the reasonableness of attorney's fees requests, courts apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services.** *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). **The value of an attorney's services is calculated by multiplying the hours that the attorney worked by a reasonable rate of pay, defined as "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."** *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984); *Norman*, **836 F.2d at 1299. The party moving for fees bears the burden of establishing the "reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed.** *Hensley*, 461 U.S. at 433. **In addition, the court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness of requested attorney's fees.** *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

**Additional factors to be considered in determining a reasonable fee include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.** *Norman*, 836 F.2d at 1292 *(citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

### 2. Entitlement

Under the FLSA, a prevailing plaintiff is entitled to an award of reasonable attorney's fees. 29 U.S.C. § 216(b); *Christiansburg v. Garment Co. EEOC*, 434 U.S. 412, 415 n.5, (1978): *Dale v. Comcast Corp.*, 498 F.3d 1216, 1221 n.8 (11th Cir. 2007). It is undisputed that Jose L. Cabrales and Alcides Cabrales are prevailing Plaintiffs in this FLSA action. In addition, Defendant does not contest that the prevailing Parties are entitled to recover their attorney's fees. Thus, pursuant to the FLSA, the Court concludes that Cabrales Plaintiffs are entitled to an award of reasonable attorneys' fees.

### 3. Reasonable Hourly Rate

Plaintiffs request attorney's fees at the rate of $350.00 per hour for work performed by the Plaintiffs' Counsel, James M. Loren (DE # 83 at 3). In support of the request, Plaintiffs stated that Mr. Loren has typically been awarded attorney's fees rates in FLSA cases ranging from $300.00 to $350.00 per hour (DE # 83 at 6). In addition, Plaintiffs state that Mr. Loren is a 1995 graduate of Nova Southeastern University Law School and is admitted to practice law in the State of Florida, the State of Georgia and a number of federal courts, including the Eleventh Circuit Court of Appeals. Plaintiffs state that Mr. Loren is a principal in the Law Firm of Loren & Associates, P.A., and currently practices primarily in the area of labor/employment/civil rights litigation. Defendant does not oppose the hourly rate requested by the Plaintiffs for work performed by Mr. Loren.

A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar service by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F. 2d at 1299. Thus, under the facts of this case, and considering the lack of opposition by the Defendants, as well as considering

the prevailing market rate for comparable legal work performed in this community, the undersigned finds that the rate of $350.00 per hour is reasonable for Mr. Loren, although it is at the high end of a reasonable market rate.

### 4. Reasonable Hours Expended

The Plaintiffs request compensation for 433.57 hours of work performed by their attorney, Mr. Loren (DE # 83 at 3). Plaintiffs emphasize the fact that the work performed by Mr. Loren on this matter was particularly difficult because the Defendants challenged this FLSA action at every stage of the proceedings, and Plaintiffs had to prove that they were employees rather than independent contractors and prove the amount owed to Plaintiffs. While Plaintiffs concede that the issues presented in the matter were not novel or unique in FLSA cases, Plaintiffs contend that a major portion of the proceeding involved discovery to establish that Plaintiff Alcides Cabrales was, in fact, an employee of the Defendants.

In response, the Defendants contend that the Plaintiffs' counsel is not entitled to be awarded fees for all hours spent on this litigation because only two of the eleven Plaintiffs prevailed at trial in this matter (DE # 85). The Defendants contend that the Plaintiffs only obtained a partial victory and thus should only be awarded those attorney's fees that are attributable to work performed on behalf of the two prevailing Plaintiffs, Jose and Alcides Cabrales. In addition, Defendants contend that even as to the two prevailing Plaintiffs, that the individual Defendants, Enrique Contreras and Mirta Barcelo, were found not to be liable. The Defendants have identified four categories of time billed by Plaintiffs' counsel that they suggest should form the framework for an analysis of recoverable fees.

The four categories identified by Defendants are: 1) Hours billed for all Plaintiffs where there is no way to determine what portion of the hours were spent on the Cabrales Plaintiffs' claims; 2) Hours billed for non-prevailing Plaintiffs: 3) Hours billed that can clearly be identified as time exclusively spent on the prevailing Plaintiffs; and, 4) Hours billed for one specific time entry for 11.5 hours, which consists of work related to one witness whose testimony can be considered important to all (DE # 85 at 4-5). Defendants suggest that Plaintiffs' counsel should receive a varying percentage of each categories' total fees, based upon the degree to which the category applies to hours incurred on behalf of the two prevailing Plaintiffs. Specifically, the Defendants assert that the Plaintiffs are entitled to recover two-elevenths of category 1 hours; none of the hours in category 2; 100% of the hours spent in category 3; and for category 4 hours, 1.5 hours to be evaluated as category 1 hours, 5.5 hours evaluated as category 2 hours and 5.5 hours evaluated as category 3 hours. Thus, Defendants contend, after the mathematical matrix is applied, that Plaintiffs are entitled to recover a fee award in the amount of $34,233.50, which Defendants note is the same as the actual damage amount awarded to the prevailing Plaintiffs, prior to assessing liquidated damages.

In Reply, the Plaintiffs assert that the attorney fees request seeks an award only for time that relates to work performed exclusively on behalf of the prevailing Plaintiffs or work that was inextricably intertwined with the work performed on behalf of those Plaintiffs. In addition, the Plaintiffs contend that much of the time that was spent litigating this case was due to defense counsel's unfamiliarity with the FLSA. Specifically, among other things, the Plaintiffs assert that many of the arguments raised by the Defendants in their Motion for Summary Judgment were directed to whether illegal aliens are entitled to proceed under the FLSA (DE # 86 at 3). In addition, the

Plaintiffs point out that significant hours were spent on the Plaintiffs having to prove that Plaintiff Alcides Cabrales worked for the Defendants, despite the fact that documents produced during discovery revealed that Mr. Cabrales was on the Defendants' payroll.

Plaintiffs contend that Defendants' request that Counsel for Plaintiffs only be compensated for 97.81 hours is especially inappropriate, *inter alia*, because regardless of whether two or eleven Plaintiffs prevailed, the case could not have possibly been tried in less than four to five days because sixteen witnesses testified. Finally, the Plaintiffs state that prior to submitting the request for attorney's fees, Plaintiffs discounted the fees by 15% as a matter of billing judgment for unrelated time.

While the Defendants are correct that the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended, awards of attorneys' fees are governed by a reasonableness standard. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In addition, as stated above, the court is an expert on the reasonableness of attorneys' fees, and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." *Id*.

Moreover, determining a reasonable fee pursuant to 29 U.S.C. § 216(b) is left to the sound discretion of the district judge, including the exclusion of excessive or unnecessary work. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir.1988); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir.1985). Examining the record as a whole, the undersigned finds that most of the hours billed were not "excessive, redundant, or otherwise unnecessary," as they were spent performing pertinent legal

work.  The hours are not inflated and do not include duplicative billings for the same work, nor do the hours worked reflect careless work on the part of Defendants' counsel.  *See Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345, 1348-50 (S.D. Fla. 2008) (stating that multiple billing and careless work warrant reductions in the amount of hours claimed by party moving for attorney's fees).

Thus, overall the undersigned finds that the number of hours spent and billed by Plaintiffs' Counsel on litigating this matter is reasonable and the Court will not reduce the Plaintiffs' request for excessive billing or for failing to exercise billing judgment.

However, although the fees billed by Plaintiffs' Counsel are reasonable, the Court finds that a reduction of the overall fees sought is warranted in order to reflect the partial success in the context of all of the Plaintiffs.  Work on any unsuccessful claims is not "deemed to have been 'expended in pursuit of the ultimate result achieved'. " *Hensley*, 461 U.S. at 435 (quotation omitted).  Therefore, an award to a prevailing party requires that any "unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Id*.  The burden is on the moving party to establish entitlement to attorneys' fees; to document the prevailing market rate; and to prove the propriety of hours expended. *Hensley*, 461 U.S. 424, 436-40 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. . . . [W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman*, 836 F.2d at 1299 *(citing NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir.1987)); *Gaines v. Dougherty Co. Bd. of Education*, 775 F.2d 1565, 1571 (11th Cir.1985).

The Court finds that much of the work performed on behalf of the Plaintiffs who did not prevail was intertwined with and necessary for the successful prosecution of the claims for Plaintiffs Alcides and Jose Cabrales. As such, Plaintiffs are entitled to recover all of the intertwined fees. *See Hensley*, 461 U.S. at 438 ("Given the interrelated nature of the facts and legal theories in this case, the District Court did not err in refusing to apportion the fee award mechanically on the basis of respondents' success or failure on particular issues."); *Norman*, 836 F.2d at 1302 ("It is improper to make the reduction based on a simple ratio of successful issues to issues raised." (citations omitted)). It is for this reason that the Court rejects the Defendants' position that only 2/11 of the fees are recoverable.

However, to the extent that it is clear from the billing records (DE # 83-1) submitted by Plaintiffs' Counsel that certain work was only performed on behalf of certain of the unsuccessful Plaintiffs, the Court will subtract those fees as follows:

1, 1/26/2010 Entry indicating meeting with all Plaintiffs except Cabrales Brothers for 10 hours and a total charge of $3,500.00;

2. 1/27/2010 Entry indicating travel to and attendance at depositions for non-prevailing Plaintiffs for 7.00 hours for a total charge of $2,450.00;

3. 2/21/2010 Entry indicating preparation of deposition summaries for depositions of non-prevailing Plaintiffs for a total of 8.10 hours and a total charge of $2,835.00;

4. 6/14/2010 Entry which includes preparation of deposition summaries for five of the non-prevailing Plaintiffs for a total of 7.0 hours (allowing for the recovery of time spent on the depositions of the Cabrales Plaintiffs);

      5.       7/16/2010 Entry indicating meeting with Jose Gonzales for preparation for trial for 1.10 hour for a total of $385.00.

Thus, the undersigned will deduct a total of 33.2 hours for work that clearly was only performed on behalf of the non-prevailing Plaintiffs.

In addition, although the Court rejects the Defendants' suggested 2/11 fractional allocation of fees, the undersigned finds that an across the board reduction is warranted given the somewhat limited success achieved by the group of Plaintiffs. As stated above, although Plaintiffs Alcides Cabrales and Jose Cabrales prevailed at trial, they were only two of the eleven Plaintiffs who tried this action to jury verdict. Thus, Defendants prevailed against nine of the eleven Plaintiffs.

The Court, therefore, reduces Plaintiffs' award of fees by 25% based upon a review of the billing records and this Court's conclusion that only approximately 75% of the remaining work performed in this case was reasonably performed on behalf of the prevailing Plaintiffs in order to successfully prosecute this case.[2] Accordingly, Plaintiffs should be awarded attorney's fees for 400.37 hours, (433.57 hours less 33.2 hours), which represents the time spent on litigating the successful claims in this action at a rate of $350.00 per hour, minus a reduction of 25% to reflect the limited results in the

---

[2] In reaching this result, the undersigned is mindful of the claim by Plaintiffs' counsel that he already reduced the amount billed by 12%, which is reflected somewhat generally in notations to various time entries. However, it is clear that although the testimony of the unsuccessful Plaintiffs as well as the other witnesses at depositions and trial is relevant to the claims of the successful Plaintiffs, it is also clear that neither the trial nor the depositions would have been so lengthy if there were only two Plaintiffs. The same is true with respect to many other litigation tasks. In addition, the undersigned notes that Plaintiffs' counsels' fee estimate through trial, as provided in the pretrial stipulation was only approximately $100,000.00. The undersigned finds that reviewing the record as a whole, the recommended fee in this case, which is $107,617.13, is a reasonable fee for the work performed, considering the results obtained.

matter.  In addition to these fees, the Court finds that the request to be compensated for 7.2 hours spent in drafting the Reply is reasonable and, therefore, awards an additional $2,520.00.  This yields a total fee award of $107,617.13.

### B. Costs

#### 1. Framework for Analysis

Plaintiffs also seek costs associated with litigating this matter.  Under the FLSA, a prevailing party is entitled to recoup costs as well as attorney's fees.  29 U.S.C. § 216(b).  However, when taxing costs, the court "may only tax costs as authorized by statute." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 622 (2000).  The Supreme Court has held that the term "costs" as used in Rule 54(d) is defined by 28 U.S.C.A. § 1920, which specifically enumerates expenses that a federal court may tax as costs under that Rule.  Under 28 U.S.C. § 1920, a court may tax costs for the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

For the reasons discussed below, the undersigned finds that Defendants are entitled to $5,970.95 in costs.

The Plaintiffs request that they recover the following costs incurred in litigating this matter: clerk fees in the amount of $350.00, service of summons and subpoena fees

in the amount of $210.00; deposition and transcript costs in the amount of $2,999.30; interpreter costs in the amount of $2,244.25; and, copy costs in the amount of $487.50 (DE ## 82, 83). In support of this request, Plaintiffs have submitted copies of the receipts for the costs incurred (DE ## 82 at 3-22, 83 at 2-21).

The Defendants do not object to the costs sought by the Plaintiffs for clerk fees and the process fees (DE # 85). However, the Defendants dispute that the Plaintiffs are entitled to recover the fees for the interpreter, and the cost incurred for the video tape of one of the unsuccessful Plaintiffs. In addition, the Defendants contend that the remainder of the costs should be reduced to only 2/11 of all other costs to reflect the fact that only two of the eleven Plaintiffs prevailed (DE # 85 at 6). Thus, Defendants assert that Plaintiffs should recover no more than $1,168.40 in costs.

Pursuant to 28 U.S.C. § 1920, it is clear that the Plaintiffs are entitled to recover the clerks fees and the service of summons fees for a total of uncontested fees in the amount of $560.00. In addition, again the Court rejects the Defendants' suggestion that the remainder of the fees be cut to represent 2/11 of those fees. A review of the record reflects that the non-prevailing Plaintiffs were, nevertheless, witnesses whose testimony was relevant to prove that Defendants were subject to the requirements of the FLSA, and to corroborate the claims of the prevailing Plaintiffs. Thus, the costs associated with their depositions are recoverable. In addition, the costs of the interpreter used for these witnesses are allowed.

Finally, Defendants challenge the copying costs, and assert that those costs should be reduced by 2/11, from $497.50 to $177.40. Plaintiffs have not specified the documents that comprised the copying costs, and it is reasonable to assume that the need for many of the copies related to the individual claims of the unsuccessful

Plaintiffs. Therefore, the allowable copying costs are reduced by $320.10 to $177.40.

## IV. CONCLUSION

Therefore, based upon a review of the record as a whole and for the reasons stated above, it is hereby respectfully

**RECOMMENDED** that Plaintiffs Alcides Cabrales and Jose Cabrales' Verified Motion for Award of Attorney's Fees & Taxable Costs (DE # 83) be **GRANTED**, in part, and Plaintiffs be awarded $113,588.08, which is comprised of $107,617.13 in attorney's fees and $5,970.95 in costs.

Pursuant to S.D. Fla. Magistrate Judge Rule 4(a), the parties shall have 14 days from the service of this Report and Recommendation to file written objections to this Report and Recommendation. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988).

**DONE AND SUBMITTED** in chambers in Miami, Florida on July 15, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

The Honorable Ursula Ungaro, United States District Judge
All counsel of record