**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-22599-CIV-UNGARO/SIMONTON**

TADY BLANCO GARCIA,
et al.,

      **Plaintiffs,**

v.

LAS BRISAS QUICK HAND CAR
WASH, CORP., et al.,

      **Defendants.**

_____/

**ORDER GRANTING, IN PART, PLAINTIFFS'**
**MOTION FOR ENTRY OF ORDER TO SHOW**
**CAUSE WHY THIRD PARTIES SHOULD NOT BE IMPLEADED**

      Presently pending before the Court is the Motion for Entry of Order to Show Cause

as to Why Third Parties Should Not Be Impleaded in a Proceeding Supplementary, filed

by Plaintiffs Jose L. Cabrales and Alcides A. Cabrales (DE # 88).  The Motion has been

fully briefed (DE ## 89, 90) and is referred to the undersigned Magistrate Judge (DE #

91).  Following a careful review of the record as a whole and for the reasons stated

herein, Plaintiffs' Motion for Entry of Order to Show Cause as to Why Third Parties

Should Not Be Impleaded in a Proceeding Supplementary (DE # 86) is GRANTED, in part.

The Plaintiffs shall file a Supplemental Complaint in Aid of Execution which provides

sufficient notice of the claims(s) to satisfy due process and clearly sets forth the relief

sought and the legal theory which supports the relief requested,  in separate counts if

appropriate.

      I.      **BACKGROUND**

      This matter was initiated when Plaintiffs, Tady Blanco Garcia, Julio Jimenez Vega,

Luis Garcia, Joel Herrera-Garcia and Arlan Herrera-Garcia filed a Complaint, on behalf of

themselves and others similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (DE # 1). Specifically, Plaintiffs alleged that they worked as car wash attendants at Defendant Marino Car Wash Inc. and Defendant Las Brisas Quick Hand Car Wash, Corp., ("Las Brisas" or "Las Brisas and Marino Car Wash") both of which were allegedly controlled by Defendant Enrique J. Contreras in his capacity as "president, director and/or owner" of those entities (DE # 1 at 2). Plaintiffs contended that they were not properly compensated for work performed and sought to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorney's fees and costs.

Plaintiffs thereafter filed three Amended Complaints wherein six additional Plaintiffs, including Plaintiffs Jose L. Cabrales and Alcides A. Cabrales, were added to the action, as well as additional Defendant Mirta Contreras a/k/a Mirta Barcelo, the wife of Defendant Enrique J. Contreras (DE ##  3, 6, 14).[1]

Following a five-day jury trial, the jury returned a verdict in favor of Plaintiffs Jose Carbrales and Alcides Cabrales ("Cabrales Plaintiffs") in the amounts of $24,355.98 and $10,375.90, respectively, against Defendants Las Brisas and Marino Car Wash, jointly (DE ## 76-10, 76-9). As to both of those Plaintiffs, the jury concluded that Defendant Enrique Contreras did not have operational control of Las Brisas (DE ## 76-10 at 1, 76-9 at 2). In addition, the jury concluded that Defendant Mirta Barcelo did not dominate the administration of Las Brisas during the time of the Plaintiffs' employment. The jury found in favor of all of the Defendants as to the other nine Plaintiffs (DE ## 76, 76-1 through 76-8).

---

[1] The other Plaintiffs named in the action were David Nunez, Jose Gonzales, Danilo Ruedo and  Marvin Gonzalez (DE # 14).

2

On October 4, 2010, the Court entered a Final Judgment against Defendants Las Brisas and Marino Car Wash in favor of Plaintiffs Alcides Cabrales and Jose Cabrales (DE # 81). As to the remaining Plaintiffs, final judgment was entered on behalf of all of the Defendants. In addition, the Court entered Final Judgment in favor of Defendants Enrique Contreras and Mirta Barcelo against Plaintiffs Jose Cabrales and Alcides Cabrales (DE # 99).

On December 13, 2010, a Writ of Execution in the amount of $69,462.76 against Las Brisas Quick Hand Car Wash Corp. and Marino Car Wash, Inc. was issued by the Clerk of Court (DE # 87).

II.     **THE POSITION OF THE PARTIES**

Plaintiffs Jose Cabrales and Alcides Cabrales have filed the instant Motion seeking an order to show cause why Enrique Contreras, Mirta Barcelo and Las Brisas CarWash & Quick Lube, Inc., who are not Parties to this action, should not be impleaded into this action (DE # 88). Specifically, the Plaintiffs request that the Court require that Enrique Contreras, as the corporate representative for debtor Defendants Las Brisas and Marino Car Wash, Inc., appear before this court to testify why he, his wife Mirta Barcelo and, a newly formed corporate entity, Las Brisas CarWash & Quick Lube Inc., should not be impleaded into these proceedings supplementary (DE # 88 at 4). In support of this request, the Plaintiffs assert that soon after the jury returned a verdict on July 26, 2010 in favor of the Cabrales Plaintiffs against the corporate Defendants Las Brisas and Marino Car Wash, Inc., that the Defendants voluntarily dissolved both corporations (DE # 88 at 2). Plaintiffs contend that the Defendants took such action in order to avoid paying on the Judgment and to hinder Plaintiffs' attempt to collect on that Judgment. Plaintiffs assert that Defendants "reincarnated" themselves into a successor entity with the name "Las Brisas CarWash & Quick Lube Inc," which, in essence, is the same business as the

3

previous corporate Defendants.  Plaintiffs also assert that the new "Las Brisas" car wash has named Mirta Barcelo, a former Defendant, as the new president of that entity (DE # 88 at 3).

The Plaintiffs contend that pursuant to the Florida Proceedings Supplementary provisions set forth in Fla. Stat. § 56.29, they may implead additional parties into this action in an attempt to collect on the Judgment entered in their favor.  Plaintiffs state that they have satisfied the prerequisites of the Proceedings Supplementary statute because the U.S. Marshals Service currently holds a writ of execution on the judgment, and Plaintiffs have provided a Verification of Counsel which states that Counsel declares under penalty of perjury that there is an unsatisfied judgment in this matter and a valid and outstanding execution upon that judgment (DE # 88 at 5).

In Response, the Defendants assert that the Plaintiffs' Motion should be denied on the grounds that the motion is premature because the deposition of the corporate representative for the debtor Defendants has not yet occurred (DE # 89).  In addition, the Defendants contend that the Plaintiffs' Motion is deficient because the Plaintiffs have failed to make any allegations as to the transfer of assets from the Defendant corporate entities to the newly formed Las Brisas entity or to Mr. Contreras or Ms. Barcelo.  Thus, Defendants contend that Plaintiffs have failed to make a sufficient showing that the new Las Brisas entity is merely the reincarnation of the prior Las Brisas and Marino Car Washes, and may therefore not implead those entities into this action.

In Reply, the Plaintiffs assert that there is a presumption of fraudulent conveyance under Florida's Uniform Fraudulent Transfer Act based upon the circumstances under which Ms. Barcelo began operating the successor business.  In addition, the Plaintiffs assert that the merits of the supplemental proceeding are not to be determined until after the Motion to Implead is granted and there is an evidentiary hearing at which the

4

Defendants and Third Parties can raise their defenses.  In this regard, the Plaintiffs cite to *MCI Telecomm. Corp. v. O'Brien Marketing Inc.*, 913 F. Supp. 1536 (S.D. Fla. 1995), for the proposition that the Court in supplementary proceedings can pierce the corporate veil and hold the corporation's alter ego liable for the judgment.

III.    <u>LEGAL ANALYSIS</u>

As stated above, Plaintiffs seek to implead third parties into this action in an effort to collect on the judgment against the Corporate Defendants.  Federal Rule of Civil Procedure 69 provides that state law concerning supplementary proceedings will govern to the extent that they are not preempted by federal law.  *Allied Indus. Int'l, Inc. v. AGFA-Gevaert, Inc.*, 688 F.Supp. 1516, 1517 (S.D. Fla. 1988).  Such post-judgment procedures are available in the State of Florida under the Proceedings Supplementary provisions set forth in the Florida Statute § 56.29. *See Kobarid Holdings v. Reizen*, 2007 WL 14294 at *2 (S.D. Fla. Jan. 2, 2007), *citing General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997).  Thus, because Florida proceedings supplementary in this instance have not been preempted by federal law, the Court must determine whether the requirements for impleading a third party under Florida statutes have been met by the Plaintiffs in this action.

Generally, Florida Statute § 56.29 provides that proceedings supplementary to execution are available to an entity that holds an unsatisfied judgment when that entity files an affidavit identifying the judgment, by court, case number and amount owed, and states that the execution is valid and outstanding. Fla. Stat. § 56.29.  "Proceedings supplementary are not independent causes of action but are post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien that already exists." *ABM Fin. Servs.*, 2011 U.S. Dist LEXIS at *4; 2011 WL 915669; *see Zureikat v. Shaibani*, 944 So. 2d 1019, 1022 (Fla. Dist. Ct. App. 2006).  The intent of the Florida legislature in enacting

5

this section was to give creditors "'a swift summary disposition of issues,' while 'preserving the equitable character of both proceedings and the remedies available.'" *Office Bldg. v. CastleRock Sec., Inc.,* 2011 WL 1674963 (S.D. Fla. 2011) *citing ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, 2011 U.S. Dist. LEXIS 32023, *2, 2011 WL 915669 (S.D.Fla. 2011) (citation omitted). Courts have regularly held that under that under that statute, a judgment creditor may implead third parties in an effort to expeditiously discover assets which may be part of the judgment and subject these assets to "a speedy and direct proceeding in the same court in which the judgment was recovered." *Id.*

Thus, in order to proceed under the proceedings supplementary and implead third parties into this action, under Florida case law, the Plaintiffs must provide: 1) an unsatisfied writ of execution; and, 2) an affidavit averring that the writ is valid and unsatisfied along with a list of persons to be impleaded. *Allied Indus. Int'l, Inc. v. AGFA-Gevaert, Inc.*, 688 F.Supp. at 1518 (S.D. Fla. 1988). *See* Fla. Stat. § 56. 29. Compliance with these requirements provides the predicate for impleading any named third parties to proceedings supplementary. *MCI Telecomm. Corp., v. O'Brien Marketing*, 913 F. Supp. 1536, 1540 (S.D. Fla. 1995). There is no other showing is necessary to implead third parties. *See General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d at 1496 n.22.

Indeed, in *Exceletech, Inc. v. S.W. Williams,* 597 So. 2d 275 (Fla. 1992), the Supreme Court of Florida made clear that it is not necessary for a court to examine the third party or otherwise determine the merits of a party's request to implead a third party prior to impleading the third party into proceedings supplementary under Florida statutes or Florida Rules of Civil Procedure. Rather, the Court held, consistent with the Florida Rules of Civil Procedure, that a party may move for the addition of another party into the litigation at any stage of the action. *Id*. at 276. In other words, with the exception

of the jurisdictional requirements specifically stated in § 56.29, third parties may be impleaded in proceedings supplementary in the same manner that Parties may be impled into any civil action under the Florida Rules of Civil Procedure. Thus, as stated by the Court in *Kovacs v. National Hebrew Glatt, Inc*., 2008 WL 3851465 (S.D. Fla. 2008), a "plaintiff is not required to establish a prima facie case at an evidentiary hearing before the third parties may be impled."

The Plaintiffs herein have satisfied the prerequisites of Fla. Stat. § 56.29. First, Plaintiffs have filed a Verification of Counsel, under penalty of perjury, indicating that there is an outstanding execution for a judgment in this matter.[2] In addition, the Plaintiffs have identified the three entities that Plaintiffs seek to implead: Enrique Contreras and Mirta Barcelo, individually, and Las Brisas CarWash & Quick Lube Inc (DE # 88 at 4-5). Plaintiffs are therefore entitled to utilize the Proceedings Supplementary available under the Florida Statutes, and may implead the identified third parties in an effort to satisfy the judgment against the corporate Defendants.

Thus, the Defendants' contention that the Plaintiffs are not entitled to implead the non-parties because the Plaintiffs have not alleged that any of the Defendants' assets have been transferred to the third parties fails because such allegations are not required prior to a court granting a motion to implead a third party. Similarly, Defendants'

---

[2] Although Plaintiff's Counsel has filed a Verification rather than an Affidavit in support of the Motion, Title 28 § 1746, entitled "Unsworn declarations under penalty of perjury" provides that a statement containing the words "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct" satisfies a requirement that an affidavit be provided. Thus, Counsel's Verification satisfies the affidavit requirement in this Court. In addition, the submission of an Affidavit is not a jurisdictional prerequisite to initiating proceedings supplementary and thus, may be waived if not raised. *See Sullivan v. Musells*, 564 So. 2d 150 (Fla. Dist. Ct. App. 1998). Defendants have not raised an issue as to the need for an Affidavit to initiate proceedings supplementary in this matter, and thus the issue is waived.

contention that Plaintiffs have failed to allege the requisite elements to pierce the corporate veil also fails because, again, once the prerequisites set forth in Fla. Stat. § 56.29 are met, there is no requirement that the judgment creditor make an additional showing prior to the third parties being impleaded. Finally, the Defendants' assertion that the Motion to implead should be denied as premature because Plaintiffs have not yet conducted the deposition of Enrique Contreras, the Corporate Representative of Las Brisas and Marino Car Washes, is moot because Mr. Contreras has now been deposed. Accordingly, Defendants' arguments in opposition to Plaintiffs' request are without merit and the Plaintiffs are entitled to implead the identified third parties.

It is important to emphasize, however, impleading a party into an action does not establish liability on the part of that impleaded party. *Mejia v. Ruiz*, 985 So. 2d 1109, 1112 (Fla. Dist. Ct. App. 2008). Rather, once an entity is impleaded into an action that entity is entitled to due process and is to be afforded an opportunity to address whether the entity is either liable or otherwise subject to having its property levied upon in the proceedings supplementary. *Allied Indus. Int'l, Inc. v. AGFA-Gevaert, Inc.*, 688 F.Supp. at 1518. To that end, an impleaded third party defendant must appear before the court and show cause why the contested property should not be applied toward satisfaction of the judgment creditor's judgment. *Office Bldg. v. CastleRock Sec., Inc.*, 2011 WL 1674963, * 3 (S.D. Fla. 2011).

In the case at bar, however, unlike *ABM Fin. Servs., Office Bldg. LLC*, and *Kovacs*, it is unclear what relief is sought by Plaintiffs since they have not identified any specific assets fraudulently transferred but appear to be seeking a determination that the new corporate entity is liable for the judgment. It is unclear whether they intend to proceed on an "alter ego" theory, or a theory of successor liability, or both. *See generally* The Florida Bar Creditors and Debtors Practice in Florida §§ 8.23-8.26; 11.6-11.7 (2007).

8

Therefore, although it may not generally be necessary for Judgment Creditors to file a formal Complaint for Supplemental Proceedings, *See Pollizzi v. Paulshock*, 52 So.3d 786, 789 (Fla. Dist. Ct. App. 2010), in this case, although the Motion is sufficient to warrant impleading the Third Parties, due to the lack of clarity with respect to the specific relief sought, the undersigned has determined that a more specific pleading is necessary to provide the Third Parties with notice.  The present Motion is not sufficient to satisfy due process concerns since it is unclear what relief is being specifically sought-other than a deposition.  In the usual case, specific assets are identified as the subject of an allegedly fraudulent transfer.  Here, no specific assets have been identified.  Moreover, if  the Plaintiffs seek to hold the newly formed corporation liable for the judgment such that writs of execution may be issued against the new corporation, the theory upon which the Plaintiffs seek such relief is not clear.

The Plaintiffs must therefore file and serve a Supplemental Complaint in Aid of Execution upon the third-parties, including Las Brisas CarWash & Quick Lube Inc.  If the Plaintiffs are unable to articulate a basis for relief, they may seek to conduct additional discovery in aid of execution by issuing subpoenas before filing their Complaint in Aid of Execution against third parties. *See Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430-31 (8th Cir. 1998) (granting discovery in aid of execution of personal financial records of third party where plaintiff made threshold showing of necessity and relevance); *Trustees of North Florida Operating Engineers Health & Welfare Fund v. Lane Crane Service, Inc.*, 148 F.R.D. 662, 664 (M.D. Fla. 1993) (evidence that third party was alter ego of judgment debtor was sufficient to warrant discovery from third party in aid of execution).

Once the Supplemental Complaint is filed, the third party entities may respond to the Complaint in accordance with Fed. R. Civ. P. 12, and an evidentiary hearing may be

9

scheduled to determine the merits.  In view of the lack of clarity regarding the specific relief sought and the predicate legal theory, the undersigned will not grant the request to set a hearing based on the allegations in the Motion.  The undersigned emphasizes that Plaintiffs' instant Motion only seeks to have the third parties impleaded and an order to show cause issued, and therefore this Order does not address the merits of the claims or defenses raised in the Motion or response to the Motion.

IV.    <u>CONCLUSION</u>

Therefore, based upon a review of the record as a whole and for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Entry of Order to Show Cause as to Why Third Parties Should Not Be Impleaded in a Proceeding Supplementary (DE # 86) is **GRANTED, in part.**  Plaintiffs Jose Cabrales and Alcides Cabrales may file and serve a Supplemental Complaint in Aid of Execution against Third Parties, Enrique Contreras, Mirta Barcelo and Las Brisas Carwash and Quick Lube, Inc., in compliance with Fed.R.Civ.P. 4.  Once the Complaint if filed, the Third Parties will be added as impleaded defendants.

**DONE AND ORDERED** in chambers in Miami, Florida on August 5, 2011.


_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel of record